The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE URENA VERDUZCO,<br><br>Defendant. | NO. 2:18-cr-00174-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Jose Urena Verduzco's motion for compassionate release. Dkt. 456. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

**I. BACKGROUND**

Mr. Urena Verduzco is an inmate currently detained at Federal Correctional Institution Thomson, with a projected release date of April 28, 2027. On January 3, 2019, Mr. Urena Verduzco entered a plea of guilty to one count of Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. Dkt. 242. On June 25, 2021, after appointment of new counsel and the Court's denial of Mr. Urena Verduzco's motion to withdraw his guilty plea, this Court sentenced Mr. Urena Verduzco to a term of 120 months of imprisonment, to be followed by five years of supervised release. Dkt. 443. Mr. Urena Verduzco has

ORDER - 1

now filed a motion for compassionate release, arguing that he presents extraordinary and compelling reasons for the Court to immediately release him, checking a box on a form motion that he "[is] suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or a deterioration in [his] physical or mental health because of the aging process that substantially diminishes [his] ability to provide self-care within the environment of a correctional facility, and [he] is not expected to recover from this condition." Dkt. 456. The government opposes Mr. Urena Verduzco's motion. Dkt. 457.

## II. DISCUSSION

### A.    Legal Standard for Release or Reduction in Sentence Under § 3582(c)(1).

The criminal justice system relies on the finality of judgments. Once imposed, a sentence can be modified only in very limited circumstances. "With 18 U.S.C. 3582(c)(1)(A), Congress provided one such 'narrow' exception – usually called compassionate release – for when 'extraordinary and compelling reasons' warrant reducing a defendant's sentence." *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025) (citations omitted).

With the passage of the First Step Act in 2018, defendants are free to directly file their own motion with the Court – but only "provided he first exhausts administrative remedies within the BOP. *Id.* A defendant bears the burden of proving that exhaustion of administrative remedies. *United States v. Van Sickle*, 2020 WL 2219496 (WDWA 2020). The administrative exhaustion requirement is "a mandatory claims processing rule that must be enforced when properly invoked." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

Assuming a defendant exhausts their administrative remedies, a compassionate release is discretionary, provided three conditions are met. *Bryant*, 144 F.4th at 1123. "First, the district court must find 'extraordinary and compelling reasons' warrant a

sentence reduction. Second, the reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.' Third, the district court must consider the sentencing factors in 18 U.S.C. 3553(a) – including the nature of the offense and the defendant's characteristics – to determine 'whether the requested sentence reduction is warranted under the particular circumstances of the case.' The district court may deny defendant's motion if he fails to satisfy any of these conditions." *Id.*

In 2023, the Commission revised USSG § 1B1.13 to address the changes made by the First Step Act. Courts are now bound by the policy statement contained in that Guideline provision, which provides authoritative guidance on what qualifies as an "extraordinary and compelling" reason. *Bryant*, 144 F.4th at 144.

The policy statement directs that before reducing an otherwise final sentence, in addition to an "extraordinary and compelling reason" supporting the reduction, a court must find (1) that the defendant does not present a danger to others and the community, and (2) that the reduction be appropriate after considering the factors in 18 U.S.C. § 3553(a).

The notes state that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement," and "whether the defendant is a danger to the safety of any other person or to the community." USSG § 1B1.13 cmt. n.4.

The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

As amended, and the prong upon which Mr. Urena Verduzco's motion relies, the Sentencing Commission's policy statement provides that "extraordinary and compelling" reasons for a reduction in sentence exist under the following circumstances:

(1) Medical Circumstances of the Defendant.—
    (B) The defendant is-

    (i) suffering from a serious physical or medical condition,

    (ii) suffering from a serious functional or cognitive impairment, or

    (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Revised USSG 1B1.13.

  Mr. Urena Verduzco's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release." As relevant to Mr. Urena Verduzco's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case–
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

The defendant seeking compassionate release has the burden of establishing grounds for such an extraordinary remedy. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *United States v. Grummer*, 519 F.Supp.3d 760, 762 (S.D.CA 2021). "[C]onclusory statements are insufficient to carry his burden of persuasion." *United States v. Newman*, 2024 WL 812041 (S.D.Ga 2024).

### B.    Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Urena Verduzco's compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Urena Verduzco has failed to establish he has exhausted his administrative remedies, stating he did not submit a request to the warden of his correctional facility "[b]ecause they are not available for me I asked an appt [sic]." Dkt. 456. While the Court finds Mr. Urena Verduzco has failed to meet the statutory requirement, the Court nevertheless turns to the merits of the motion.

### C.    Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Urena Verduzco's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

Mr. Urena Verduzco has submitted a form motion, with a box checked that

he "[is] suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or a deterioration in [his] physical or mental health because of the aging process that substantially diminishes [his] ability to provide self-care within the environment of a correctional facility, and [he] is not expected to recover from this condition." However, he presents no facts or evidence in support of his contention. Dkt. 456. There are no medical records attached to the motion. Instead, Mr. Urena Verduzco presents as exhibits a copy of his Individualized Needs Plan and an apparent application for asylum submitted to the Department of Homeland Security, U.S. Citizenship and Immigration Services, which appears unrelated to his motion for compassionate release. Dkt. 456.

      As discussed above, pursuant to Section USSG 1B1.13(B)(1), to qualify for potential compassionate release, Mr. Urena Verduzco has the burden of establishing he is eligible for such relief. The government argues that Mr. Urena Verduzco has failed to meet his burden to provide evidence that he suffers from a medical condition that provides an extraordinary and compelling reason justifying a sentence reduction, and that he provides no explanation of what medical condition he suffers from, much less that he suffers from a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" as required. Mr. Urena Verduzco is 39 years old, so is clearly not at this time experiencing deteriorating physical or mental health because of the aging process. Dkt. 457.

      The Court agrees with the government's analysis. Mr. Urena Verduzco's motion fails to meet the legal or factual requirements to warrant the relief he requests.

**D. Safety of Others**

      Having made the determination that Mr. Urena Verduzco has not met his burden to support compassionate release, there is no need for this Court to address the issue of

whether he is a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142 (g).

### III. CONCLUSION

For the foregoing reasons, Defendant Jose Urena Verduzco's motion for compassionate release is **DENIED**.

DATED this 5th day of December, 2025.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 7